EUGENE RYU (SBN 209104)
gene.ryu@klgates.com
PAUL M. SUH (SBN 321028)
paul.suh@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA  90067
Telephone:  (310) 552-5000
Facsmile:    (310) 552-5001

Attorneys for Defendant,
LABCORP CENTRAL LABORATORY
SERVICES LIMITED PARTNERSHIP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ROWELL, an individual; ALAINA AIKIN, an individual; SANJAY GARG, an individual,<br><br>                 Plaintiffs,<br><br>        v.<br><br>LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, a limited partnership; and DOES 1 through 100,<br><br>                 Defendants. | Case No.<br><br>**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 28 U.S.C. §§ 1332(a), 1441, & 1446**<br><br>**[28 U.S.C. §§ 1332(a), 1441, & 1446]**<br><br>Alameda County Superior Court<br>Case No. 24CV079102<br>(*originally filed in County of Alameda Superior Court on June 10, 2024*) |

**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE [CENTRAL] DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Labcorp Central Laboratory Services Limited Partnership ("Labcorp" or "Defendant"), by and through its attorneys, K&L Gates LLP, hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda (the "State Court Action"), to the United States District Court for the Northern District of California.  This Court has diversity jurisdiction over Plaintiffs Craig Rowell, Alaina Aikin, and Sanjay Garg ("Plaintiffs") lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity between Defendant and Plaintiffs and the amount in controversy exceeds $75,000, exclusive of costs.

## I.    BACKGROUND AND PLEADINGS.

1.    On June 10, 2024, Plaintiffs filed their complaint against Defendant in the State Court Action, Case No. 24CV079102 (the "Complaint").

2.    A true and correct copy of the Complaint filed in the State Court Action on June 10, 2024 is attached hereto as **Exhibit 1**.  A true and correct copy of the Summons filed in the State Court Action on June 10, 2024 is attached hereto as **Exhibit 2**.  A true and correct copy of the Civil Case Cover Sheet and Addendum filed in the State Court Action on June 10, 2024 is attached hereto as **Exhibit 3**.  A true and correct copy of the Notice of Case Assignment filed in the State Court Action on June 10, 2024 is attached hereto as **Exhibit 4**.  A true and correct copy of the Notice of Case Management Conference filed in the State Court Action on June 10, 2024 is attached hereto as **Exhibit 5**.  A true and correct copy of Plaintiffs' Proof of Service of Summons on June 12, 2024 is attached hereto as **Exhibit 6**.  A true and correct copy of the Defendant's Answer to Plaintiffs' Complaint filed in the State Court Action on July 10, 2024 is attached hereto as **Exhibit 7.**  To Defendant's knowledge, these materials comprise "all process, pleadings, and orders served" upon Defendant or received by Defendant in the State Court Action. *See* 28 U.S.C. § 1446(a).  To Defendant's knowledge, no proceedings related hereto have been heard in Alameda County Superior Court.

**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

3.     The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.

## II.    CITIZENSHIP OF THE PARTIES.

### a.    Plaintiffs are Citizens of California.

4.     To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiffs are California residents. (Compl. ¶¶ 4-6.). Defendant alleges that at the time the State Court Action was filed and at the time of filing of this Notice, Plaintiffs were, and still are, natural persons domiciled and residing in the State of California and citizens of the State of California.

### b.    Defendant is Not a Citizen of California.

5.     Defendant is not a citizen of California. For diversity purposes, a limited partnership is determined by examining the citizenship of each member of the partnership.  *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) (holding that a limited partnership has the citizenship of each of its partners, whether general or limited).  Labcorp Central Laboratory Services Limited Partnership was duly formed in the state of Indiana.  The sole general partner of Defendant is Labcorp Development Inc., a Delaware corporation.  The sole limited partner of Defendant is Labcorp CTTS Inc., a Delaware corporation. (Declaration of Andrew A. Chakeres ("Chakeres Decl."), ¶ 3)

6.     The "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office"

**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

is located; and (f) where day-to-day control of the business is exercised.  *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).  Labcorp Development Inc. and Labcorp CTTS Inc.'s principal places of business are Burlington, North Carolina.  Accordingly, Labcorp Development Inc. and Labcorp CTTS Inc. are deemed citizens of the State of Delaware, where they are incorporated, and North Carolina, their principal place of business.  (Chakeres Decl., ¶¶ 3-4.)

7.    Accordingly, because (i) Labcorp Development Inc. was, at the time of the filing of the Complaint a citizen of Delaware and North Carolina, and (ii) Labcorp CTTS Inc. was, at the time of the filing of the Complaint a citizen of Delaware and North Carolina.  Similarly, it follows that Labcorp Central Laboratory Services Limited Partnership, with Labcorp Development Inc. and Labcorp CTTS Inc. as its partners, is a citizen of Indiana, Delaware and North Carolina.  *See Carden*, 494 U.S. at 192.

8.    Plaintiffs are citizens of California, and Defendant is not a citizen of California. Therefore, diversity of citizenship exists between Plaintiffs and Defendant.

### c.  The Citizenship of Doe Defendants Must Be Disregarded

9.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 20, inclusive, does not deprive this Court of jurisdiction.

## III.  AMOUNT IN CONTROVERSY.

10.    This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs.  Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

11.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).  Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiffs exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. Defendant need only show that there is "a reasonable probability that the stakes exceed" $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, Defendant need not provide this Court with "proof" or "evidence" that Plaintiffs actually will recover more than $75,000; rather, removal is proper as long as the amount in controversy can be met. *See Brill*, 427 F.3d at 448-49.

12. The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Moreover, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). "In assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citations omitted). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

13. Plaintiffs' Complaint alleges claims for: (1) Failure to Pay Wages, (2) Failure to Provide Compliant Wage Statements, (3) Failure to Comply with Labor Code Inspections Demand, (4) Breach of Contract, and (5) Unfair Competition Law. (*See generally* Compl.). While Labcorp denies any liability to Plaintiffs whatsoever, assuming that Plaintiffs are successful on all claims, the amount in controversy requirement exceeds $75,000.

14. Plaintiffs seek the following damages: special and compensatory damages, including prejudgment interest at the legal rate; penalties; and reasonable attorney fees and costs. (*See generally* Complaint and Prayer for Relief).

15. Plaintiffs were Business Development Directors selling Labcorp's services to clients.

**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

(Compl. ¶¶ 10-11.) Plaintiffs allege that a significant portion of their pay is in the form of variable incentive compensation that was covered by Defendant's Sales Compensation Plan ("Plan"). (Compl. ¶ 12.) Plaintiffs claim that variable incentive compensation was based on Net Contracted Orders ("NCO") that functionally operated as commissions and Performance Management and Development ("PMD") which operate as bonuses (Compl. ¶¶ 12-13.) They allege that Defendant assigns values to the NCO component which is subject to "positive or negative adjustments" based on changes to work performed on a client study – i.e., "Work Scope Changes" (WSC) – or Reductions based on "final reconciliation" and pays commissions in the Plan year based on a formula derived from the estimated NCO's value. (Compl. ¶ 14-15.) Plaintiffs claim that after values are assigned, Defendant reduces the NCO value when it "realizes less income from a study than initially expected" by offsetting the difference in commissions from future commissions earned by employees responsible for the territory or account, and reduces the value even if they were not responsible for the initial sale nor receive a commission on the sale. (Compl. ¶¶ 16-17.) Plaintiffs also allege that they "inherit any debt" (i.e., (i) WSC/Reductions in territories  and (ii) performance-based PMD bonuses to accounts for shortfalls in the original NCO valuation) when they transition into a new assignment even when commissions had never been paid out, and that Defendant "does not adjust the NCOs in a fashion timely enough to limit depriving new assignees of earned commission wages." (Compl. ¶¶ 18-19.) Plaintiffs claim that they are owed the "difference between the amount of wages owed . . . and the amount Defendant[] actually paid, as well as penalties and interest thereon." (Compl. ¶ 26.)

16.    If Defendant excluded all negative impacting net order transactions in the NCO value for their designated territories and accounts as Plaintiffs allege Defendant unlawfully included to deprive them of their wages[1], Plaintiffs Sanjay Garg, Alaina Aikin and Craig Rowell's claim for unpaid wages places at least, **$157,351, $118,966, and $48,396**, respectively, in controversy.

17.    **Labor Code § 218.6 Prejudgment Interest.** Plaintiffs' allege that they are owed prejudgment interest on wages owed as a result of Defendant's breach of contract entered into with Plaintiffs. (Compl. ¶¶ 43-45.) Labor Code Section 218.6 provides that "[i]n any action brought for the

---

[1] Defendant denies that it withheld any amount of wages owed to Plaintiffs, but makes these adjustments solely for the purposes of this removal.

**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

nonpayment of wages, the court shall award interest on all due and unpaid wages at [an annual rate of 10 per cent] as mandated by subdivision (b) of § 3289[1] of the California Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with § 200) of Division 2." The right to prejudgment interest is superseded by the entry of judgment, which then converts it to a right to receive post judgment interest. *See Brown v. California Unemployment Ins. Appeals Bd.*, 20 Cal.App.5th 1107, 1119 (2018).

18. Here, the median time from the filing of a complaint until trial in the Northern District of California is 35.5 months or 2.96 years. (*See* United States Courts Statistics, https://www.uscourts.gov/file/78653/download (last visited July 9, 2024)). With a removal date of July 11, 2024, that would mean an estimated trial date of June 11, 2027. Accordingly, through the date of likely judgment, Plaintiffs Sanjay Garg, Alaina Aikin and Craig Rowell's prejudgment interest based on their unpaid wages totals **$47,205.30** ($157,351 unpaid wages x 10% interest x 2.96 years), **$35,213.94** ($118,966 unpaid wages x 10% interest x 2.96 years), **$14,325.22** ($48,396 unpaid wages x 10% interest x 2.96 years), respectively.

19. **Labor Code Section 226 Violations.** Labor Code Section 226(a) provides that employers must, at the time of payment of wages, issue itemized wage statements which reflect nine (9) enumerated categories of information, including gross wages earned, total hours worked, deductions, net wages earned, inclusive dates of the pay period, name of the employee and name and address of the legal entity that is the employer.

20. Section 226(e) provides for a statutory penalty for violations of Labor Code § 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000. Cal. Lab. Code § 226(a). The statutory period for Labor Code § 226(e) penalties is one year. Cal. Code Civ. Proc. § 340. There were 26 pay periods for the year preceding the filing of the Complaint on June 10, 2024, and there have been roughly 2 pay periods since. Plaintiffs had been receiving wage statements in each pay period since being employed with Defendant. Thus, the potential damages for 28 pay periods is **$2,750.**

7

21.    **Labor Code Inspection Demand.**  Labor Code § 1198.5 provides that every current and former employee the right to access or obtain copies of their personnel records that employers must maintain relating to their performance or any grievances concerning them.

22.    Labor § 1198.5(k) provides that employers who fail to permit timely inspection or provide copies of personnel records can lead to seven hundred fifty dollars ($750) penalty against the employer.

23.    Plaintiffs alleges that they Labcorp "failed to timely and fully respond to Plaintiffs' statutory demand for their employment records" and seek "penalties related to this alleged failure to timely allow inspection or copy of records" pursuant to Labor Code §§ 226 and 1198.5.  (Compl. ¶¶ 38-39.)  Accordingly, this claim places at least **$750** in controversy per plaintiff.

24.    **Attorneys' fees**. Plaintiffs also seek attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 226 and 1198.5 (Compl. ¶¶ 3, 27, 33, 39, 45 and Prayer for Relief.) Attorneys' fees recoverable by statute or contract are included when determining the amount in controversy for jurisdictional purposes. *See Hernandez v. Aramark Food & Support Servs. Grp.*, Inc., 2020 WL 5496172, at *5 (N.D. Cal. Sept. 11, 2020).  The calculation includes all attorney's fees likely to be incurred through trial of an action. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect."). Federal courts have opined that an attorney handling a labor and employment case may spend 100 or more hours on the case. *Id.* at 2.  Furthermore, one court found $425 per hour to be a reasonable rate of attorneys' fees for such a case.  *Id.* Another court in this district found $400 per hour to be a reasonable rate of attorneys' fees in an employment case.  *See Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010).  As the court noted in *Lippold*, only a "reasonable good faith estimate of the expected fees" is necessary.  *Id.* at 4. In a single plaintiff wage and hour case filed in 2018, an Alameda County Superior Court judge granted

**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

Plaintiffs' counsel, Alan F. Cohen, motion for attorneys' fees after he sought 235.6 billed hours at an hourly rate of $650 per hour - totaling $155,945.  By the time of Mr. Cohen's motion, the case had only been litigated for 1 year and 5 months and did not go through trial.  Assuming Plaintiffs' Counsel previous rate of $650 from six (6) years ago and 100 hours of billed work, even a conservative estimate of attorneys' fees in this case adds **$65,000** to the amount in controversy,  If Plaintiffs litigated this multi-plaintiff case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would far exceed $75,000.

25.    Based on the totality of Plaintiffs' claims and prayer for relief, which includes their claims for economic damages, as well as attorneys' fees and costs, the amount in controversy significantly exceeds $75,000. Therefore, removal is appropriate.

## IV.    **REMOVAL PROCEDURES**

26.    **Federal Court Jurisdiction.**  The United States District Court for the Northern District of California has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of costs, and the action is between citizens of different states.

27.    **The Removal Venue Is Proper.**  Removal is properly made to the United States District Court for the Southern District of California under 28 U.S.C. § 1441(b) because the Superior Court of the State of California, County of Alameda, where the State Court Action is currently pending, is within the Northern District of California.

28.    **The Removal Is Timely.**  Plaintiffs served their Complaint on Defendant by personal service on June 11, 2024.  Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Defendant has timely filed this Notice of Removal within 30 days of service of the Complaint.

29.    **Defendant Has Sufficient Consent**.  Defendant is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal.  *See* 28 U.S.C. § 1441(a); *Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  In any event, no Doe defendants have been served.  Defendant is not required to obtain consent to remove from defendants who have

DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL

not been served.  *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).  Therefore, Defendant has sufficient consent to remove the State Court Action.

30.    **Service of Notice of Removal.**  Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests removal of the State Court Action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

K&L GATES LLP

Dated: July 11, 2024                    By:/s/ Paul Suh_____
                                        GENE RYU
                                        PAUL SUH

                                        Attorneys for Defendant,
                                        LABCORP CENTRAL LABORATORY
                                        SERVICES LIMITED PARTNERSHIP

10

**DEFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**

# EXHIBIT 1

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**06/10/2024 at 02:47:18 PM**
By: Danielle Harbour,
Deputy Clerk

Alan F. Cohen (State Bar No. 194075)
**LAW OFFICES OF ALAN F. COHEN**
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.984.1943 (tel.)
415.984.1953 (fax)
alan@alancohenlaw.com
Attorneys for Plaintiffs
Craig Rowell, Alaina Aikin, Sanjay Garg

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

## UNLIMITED JURISDICTION

| | |
|---|---|
| CRAIG ROWELL, an individual; ALAINA AIKIN, an individual; SANJAY GARG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, a limited partnership; and DOES 1 through 100,<br><br>Defendants. | Case No.:   24CV079182<br><br>**COMPLAINT FOR:**<br>1) **FAILURE TO PAY WAGES**<br>2) **FAILURE TO PROVIDE COMPLIANT WAGE STATEMENTS**<br>3) **FAILURE TO COMPLY WITH LABOR CODE INSPECTION DEMAND**<br>4) **BREACH OF CONTRACT**<br>5) **UNFAIR COMPETITION LAW** |

Plaintiffs Craig Rowell, Alaina Aikin, Sanjay Garg allege:

## NATURE OF THE ACTION

1.      Defendant Labcorp Central Laboratory Services Limited Partnership ("Labcorp")

engages in an unlawful commissions scheme, withholding earned wages from employees for

business costs unrelated to anything the employees did or failed to do.

2.      Plaintiffs are Business Development Directors who have had wages withheld

because of Defendants' unlawful commissions scheme and have suffered damages as a result.

3.      Plaintiffs ask the Court to order Defendants to abide by the law and to take active

steps to prevent and remedy unlawful treatment.  They seek compensation for lost wages and

benefits and other damages, penalties under the Labor Code, attorneys' fees and costs incurred, and

all other appropriate remedies.

## THE PARTIES

4.      Plaintiff Craig Rowell is a resident of Alameda County, California and is primarily employed in that county.

5.      Plaintiff Alaina Aikin is a resident of San Diego County, California and is primarily employed in that county.

6.      Plaintiff Sanjay Garg is a resident of Alameda County, California and is primarily employed in that county.

7.      Defendant Labcorp Central Laboratory Services Limited Partnership is an entity regularly doing business in California. At all times material to the complaint, Defendant Labcorp was Plaintiffs' employer.

8.      Defendants Does 1-100 are sued under fictitious names pursuant to Code of Civil Procedure § 474.  On information and belief, each Defendant sued under a fictitious name is in some manner responsible for the wrongs and damages alleged in this complaint.  In so acting, each Defendant named herein was functioning as the agent, servant, partner, joint employer, integrated enterprise, and/or employee of the other Defendants, and throughout the events alleged in this complaint was acting within the course and scope of his or her authority as such agent, servant, partner and/or employee with the permission and consent of the other Defendants.  Further, on information and belief, the acts alleged herein were authorized and/or ratified by each and every other Defendant. Defendants Labcorp and Does 1-100 may be referred to herein as "Defendants."

## JURISDICTION

9.      This Court has subject matter jurisdiction over this action pursuant to Code of Civil Procedure § 410.10.  This Court has personal jurisdiction over the Defendants because they regularly do business in California, purposely avails themselves of the privilege of conducting business in California, and California is where Defendants caused the Plaintiffs to be harmed. Venue is proper in this Court pursuant to Code Civ. Proc. § 395.5 because Alameda County is where some of the obligations or liabilities arose.

2

**COMPLAINT**

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     Plaintiffs are Business Development Directors in Labcorp's Global Commercial Organization Department. All are based in California and perform the bulk of their labor in California.

11.     In this position, Plaintiffs are responsible for building company business through identifying potential clients, forging and maintaining relationships, and selling Labcorp's services to support third party clinical trial programs.

12.     A significant portion of Plaintiffs' pay is in the form of variable incentive compensation. At all times material to the complaint, the terms and conditions of that compensation were governed by Labcorp's Sales Compensation Plan ("Plan").

13.     The Plaintiffs' variable compensation under the Plan consists of two components. The first and largest of these is based on what Labcorp calls Net Contracted Orders ("NCOs"). Although the Plan labels the NCO component a bonus, functionally it is a commissions plan. The second component is Performance Management and Development ("PMD"), which consists of goals and objectives established for each employee and is more properly analyzed as a bonus.

14.     The value Labcorp assigns to the NCO component is subject to positive or negative adjustment based on changes to the work performed on a client study such as Work Scope Changes ("WSC") or Reductions based on final reconciliation.

15.     Labcorp pays commissions to Business Development Directors based on a formula derived from the estimated NCO's value. The commission is paid in its entirety in the Plan Year in which Labcorp expects the study to begin within twelve months.

16.     Labcorp assigns an estimated value to the NCO for a given study or project. When Labcorp realizes less income from a study than initially expected, it reduces the NCO value. This in turn reduces the commissions flowing from that project. In these instances, Defendants claim the right to offset the difference in commissions from future commissions earned by the Plan Participant responsible for that territory or account.

17.     Labcorp withholds wages in the amount of these earned commissions for negative

**COMPLAINT**

adjustments to NCO's from the Plan Participant assigned that territory. It does so even where the Participant was not responsible for the initial sale and did not receive a commission on the sale. Plaintiffs and similarly-situated employees are therefore made insurers of Labcorp's purported business loss whether they were responsible for the loss or not.

18.     Plan Participants who transition into new assignments in a sense inherit any debt that might arise in the future from a WSC or Reduction in that territory. Labcorp purports to have the right to offset current or future NCO commissions on unrelated accounts – or even from other wages earned like the performance-based PMD bonuses to account for shortfalls in the original NCO valuation, and even where the Participant never had been paid commissions on the sale in question.

19.     Whether the original Plan Participant to whom the commission was paid remains with Labcorp or has left the business, that person retains the full amount of variable compensation they were paid. Under this scheme, Labcorp compensates itself for the loss of expected revenue by withholding wages belonging to the person who inherited the territory or account. To make matters worse, Labcorp does not adjust the NCOs in a fashion timely enough to limit depriving new assignees of earned commission wages.

20.     Commissions and bonuses are considered "wages" under California law.  Labor Code § 200.  California courts have long extended special protections for wages above those granted ordinary debts.  In *Boothby v. Atlas Mechanical, Inc.* (1992) 6 Cal.App.4th 1595, 1601, for example, the court noted that under California law, wages "are jealously protected by statutes for the benefit of employees." The state's public policy holds that it is essential for the public welfare that employees receive earned wages when due because employees depend on them for the necessities of life. *Kerr's Catering Serv. v. Dep't of Indus. Relations* (1962) 57 Cal. 2d 319, 326.

21.     Labcorp withholds earned wages from re-assigned or newly-assigned Plan Participants even where they are not responsible for the WSC, Reduction, or other disappointing business outcome to the studies involved. The reduction in contract value is not traceable to some failure on the part of the Employees. Despite this, Labcorp makes their employees financially

responsible for the vagaries of Labcorp's business model.

## FIRST CAUSE OF ACTION
### Failure to Pay Wages

22.     The allegations set forth in Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23.     Defendants failed to pay Plaintiffs the wages they rightfully earned for all the labor Defendants suffered and permitted them to perform on Defendants' behalf.

24.     At all times material to this complaint, the California Labor Code, including sections 200, 204, 218.5, and 221-223, was in full force and effect and applied to Plaintiffs' employment. Defendants were employers or other persons acting on behalf of employers who violated or caused to be violated the legal duties described herein.

25.     At all times material to this complaint, Defendants failed to properly compensate Plaintiffs for all labor performed as required by California law. Defendants wrongfully withheld earned wages from Plaintiffs.

26.     As a result of Defendants' pay practices, Defendants owe Plaintiffs an amount to be determined, representing the difference between the amount of wages owed pursuant to the applicable laws and regulations and the amount Defendants actually paid, as well as penalties and interest thereon.

27.     Due to Defendants' unlawful employment practices, Plaintiffs have incurred and continue to incur legal costs and attorneys' fees all to their damage in a sum according to proof.

## SECOND CAUSE OF ACTION
### Failure to Provide Compliant Itemized Wage Statement Statute – Labor Code § 226

28.     The allegations set forth in Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29.     At all times material to this complaint, Labor Code § 226 was in full force and effect and was binding on Defendants.

30.     Section 226(a) requires Defendants, among other things, to itemize in wage statements the amount of gross wages earned, total hours worked, the employee's hourly rates, all deductions from wages, and net wages earned. Defendants have knowingly and intentionally failed to comply with § 226(a) on wage statements provided to Plaintiffs. Section 226 also requires Defendants to keep records of all deductions taken from wages.

31.     Defendants knowingly, willfully, and intentionally violated, or caused to be violated, Labor Code § 226.

32.     As a result of Defendants' actions, Plaintiffs suffered damages in an amount to proven at trial.

33.     Pursuant to Labor Code § 226(e), Plaintiffs are entitled to recover actual or liquidated damages, whichever is greater, for Defendants' violations of § 226. In addition, or in the alternative, Plaintiffs are entitled to statutory damages for Defendants' violations of § 226. Plaintiffs are also entitled to an award of costs and reasonable attorneys' fees pursuant to § 226(g).

### THIRD CAUSE OF ACTION
### Failure to Comply with Labor Code Inspection Demand

34.     The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35.     Labor Code §§ 226, 432, and 1198.5 require employers to provide access to or inspection of employee personnel and compensation records upon request.

36.     Plaintiffs made proper demand of their records from Defendants.

37.     Defendants failed to timely and fully respond to Plaintiffs' statutory demand for their employment records.

38.     Defendants have not produced any records in response to Plaintiffs' inspection requests.

39.     Pursuant to Labor Code §§ 226 and 1198.5, Plaintiffs seek injunctive relief to obtain from Defendants the above-stated records, penalties for the failure to timely allow inspection or copying of the records, and an award of costs and reasonable attorneys' fees and costs incurred.

6

**COMPLAINT**

1

## FOURTH CAUSE OF ACTION
### Breach of Contract

2

3    40.    The allegations set forth in Paragraphs 1 through 39 are realleged and incorporated

4    herein by reference.

5    41.    As alleged in part above, Plaintiffs entered into a contract to perform labor for

6    Defendants in return for wages.

7    42.    Plaintiffs have performed all conditions and covenants necessary to receive full

8    payment under the above promises.

9    43.    Defendants have breached their promises and duties to Plaintiffs by wrongfully

10   failing to pay all of the compensation due and owing under the terms of the various promises.

11   44.    As a direct and proximate result of the unlawful conduct of Defendants alleged

12   herein, Plaintiffs have suffered substantial economic damages, all in an amount according to proof.

13   45.    As a direct and proximate result of the unlawful conduct of Defendants alleged

14   herein, Plaintiff is entitled to payment of wages, pre-judgment interest thereon pursuant to Labor

15   Code § 218.6, penalties provided by the Labor Code and an award of attorneys' fees and costs

16   pursuant to Labor Code § 218.5, all in an amount according to proof.

17

## FIFTH CAUSE OF ACTION
### Unfair Competition Law – Bus. & Prof. Code § 17200

18

19   46.    The allegations set forth in Paragraphs 1 through 45 are realleged and incorporated

20   herein by reference.

21   47.    At all times material to this complaint, Business & Professions Code § 17200 has

22   been in full force and effect and was binding on Defendants.

23   48.    Section 17200 makes it unlawful for any business to engage in any unlawful or unfair

24   business practices.

25   49.    As a result of Defendants' discrimination and other unlawful and unfair business

26   practices alleged herein, Plaintiffs have been harmed.

27   50.    Defendants' acts constitute a continuing and ongoing unfair and unlawful activity

28

7

**COMPLAINT**

prohibited by Business and Professions Code §§ 17200 *et seq.*, and justify the issuance of an injunction, restitution and other equitable relief pursuant to Business and Professions Code § 17203. All remedies are cumulative pursuant to Business and Professions Code § 17205.

51.     Defendants' actions and failures to act alleged above, including, without limitation, Defendants' violations of the Labor Code and California law, were unfair, unlawful, and fraudulent within the meaning of the UCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an award against Defendants as follows:

1.  For compensatory (special) damages, on the applicable Causes of Action;

2.  For injunctive relief;

3.  For an award of interest, including prejudgment interest, at the legal rate;

4.  For an award of attorneys' fees;

5.  For costs of suit incurred; and

6.  For such other and further relief as the Court deems appropriate.

DATED: June 4, 2024                    LAW OFFICES OF ALAN F. COHEN

By: _____
     ALAN F. COHEN
     Attorneys for Plaintiffs
     Craig Rowell, Alaina Aikin, Sanjay Garg

**COMPLAINT**

1

## <u>JURY DEMAND</u>

2

Plaintiffs hereby demand a jury trial on all issues.

3

4

DATED:  June 4, 2024                                    LAW OFFICES OF ALAN F. COHEN

5

6                                                                            By: _____

7                                                                            ALAN F. COHEN
                                                                             Attorneys for Plaintiffs
8                                                                            Craig Rowell, Alaina Aikin, Sanjay Garg

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

# EXHIBIT 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LABCORP CENTRAL LABORATORY SERVICES LIMITED
PARTNERSHIP, a limited partnership; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CRAIG ROWELL, an individual; ALAINA AIKIN, an individual;
SANJAY GARG, an individual

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
06/10/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Harbour _____ Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
1221 Oak Street, Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
24CV079102

---

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alan F. Cohen, 100 Pine Street, Suite 1250, San Francisco, CA 94111 (415) 984-1943

DATE:     06/10/2024     Chad Finke, Executive Officer / Clerk of the Court     Clerk, by _____, Deputy
*(Fecha)*          *(Secretario)*          D. Harbour          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

---

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, a limited partnership

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**EXHIBIT 3**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Alan F. Cohen (State Bar No. 194075)
Law Offices of Alan F. Cohen
100 Pine Street, Suite 1250
San Francisco, CA 94111
TELEPHONE NO.: 415-984-1943     FAX NO.: 415-984-1953
ATTORNEY FOR *(Name):* Plaintiffs Craig Rowell, Alaina Aikin, Sanjay Garg

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
06/10/2024 at 02:47:18 PM
By: Danielle Harbour,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Craig Rowell et al. v. Labcorp Central Laboratory Services LP

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 24CV079102 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Five
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 4, 2024
Alan F. Cohen
_____         ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Rowell v. Labcorp | Case Number: 24CV079102 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
06/10/2024
Chad Finke, Executive Officer / Clerk of the Court
By: D. Harbour, Deputy

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| | [ ] Hayward Hall of Justice (447) |
|---|---|
| [ ] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>**Is this an unsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [X] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

202-19 (5/1/00)                                                                                       A-13

**EXHIBIT 4**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

06/10/2024

Clad Flike , Executive Officer / Clerk of the Court

By: _____ Deputy

D. Harbour

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

1221 Oak Street, Oakland, CA 94612

PLAINTIFF(S):

Craig Rowell  et al

DEFENDANT(S):

Labcorp Central Laboratory Services Limited Partnership

## NOTICE OF CASE ASSIGNMENT

CASE NUMBER:

24CV079102

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:   Frank Roesch

DEPARTMENT:   17

LOCATION:   Rene C. Davidson Courthouse
1221 Oak Street, Oakland, CA 94612

PHONE NUMBER:   (510) 267-6933

FAX NUMBER:

EMAIL ADDRESS:   Dept17@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period required by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing.  Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### NOTICE OF CASE ASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**

JUDGE <u>Frank Roesch</u>

**DEPARTMENT** <u>17</u>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

*D. Harbour, Deputy Clerk*

**NOTICE OF CASE ASSIGNMENT**

**EXHIBIT 5**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>06/10/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Harbour |
| PLAINTIFF:<br>Craig Rowell  et al | |
| DEFENDANT:<br>Labcorp Central Laboratory Services Limited Partnership | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV079102 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| |
|---|
| Date: 10/25/2024    Time: 9:00 AM    Dept.: 17<br><br>Location:  Rene C. Davidson Courthouse<br>1221 Oak Street, Oakland, CA 94612 |

TO  DEFENDANT(S)/ATTORNEY(S)  FOR  DEFENDANT(S)  OF  RECORD:

The  setting  of  the  Case  Management  Conference  does  not  exempt  the  defendant  from  filing  a  responsive  pleading  as required  by  law,  you  must  respond  as  stated  on  the  summons.

TO  ALL  PARTIES  who  have  appeared  before  the  date  of  the  conference  must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must  be  filed  and  served  at  least  15  calendar  days  before  the  Case  Management  Conference. The  Case  Management Statement  may  be  filed  jointly  by  all  parties/attorneys  of  record  or  individually  by  each  party/attorney  of  record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda
06/10/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
D. Harbour

PLAINTIFF/PETITIONER:
Craig Rowell  et al

DEFENDANT/RESPONDENT:
Labcorp Central Laboratory Services Limited Partnership

## CERTIFICATE OF MAILING

CASE NUMBER:
24CV079102

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Alan Cohen
Law Offices of Alan F. Cohen
100 Pine Street Suite 1250
San Francisco, CA 94111

Chad Finke, Executive Officer / Clerk of the Court

Dated: 06/10/2024                    By:

D. Harbour, Deputy Clerk

**CERTIFICATE OF MAILING**

**EXHIBIT 6**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Law Offices of Alan F. Cohen<br>Alan F. Cohen SBN 194075<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>TELEPHONE NO:                    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  alan@alancohenlaw.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>06/12/2024 at 09:40:08 AM<br>By: Carrie Thao,<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Alameda | |
|---|---|
| STREET ADDRESS:  1221 Oak Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Oakland, 94612<br>BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA | |

| PLAINTIFF / PETITIONER:  CRAIG ROWELL, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, et al. | 24CV079102 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>11210813 (23089052) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:    Civil Case Cover Sheet Addendum
3. a. Party served *(specify name of party as shown on documents served)*:
   LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, a limited partnership
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CSC Lawyers Incorporating Service - Maddie Bright - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    Tue, Jun 11 2024        (2) at *(time)*:    01:36 PM
   b. [ ] **by substituted service**. On *(date)*:                        at *(time)*:                        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
   from *(city)*:                        or [ ] a declaration of mailing is attached.
   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

| PLAINTIFF / PETITIONER: CRAIG ROWELL, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, et al. | 24CV079102 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date)*:         (2) from *(city)*:
    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*:  LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, a limited partnership
   under the following Code of Civil Procedure section:

   | | | |
   |---|---|---|
   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☒ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | ☐ other: | |

7. **Person who served papers**
   a. Name:  Tyler Di Maria
   b. Address:  1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954
   c. Telephone number:  800-938-8815
   d. **The fee** for service was:  $40.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
       (i) ☐ owner ☐ employee ☒ independent contractor
       (ii) Registration No:  2006-006
       (iii) County:  Sacramento

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  June 12, 2024

Tyler Di Maria
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

**EXHIBIT 7**

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
07/10/2024 at 11:45:36 AM
By: Damaree Franklin,
Deputy Clerk

1   EUGENE RYU (SBN 209104)
    gene.ryu@klgates.com
2   PAUL M. SUH (SBN 321028)
    paul.suh@klgates.com
3   K&L GATES LLP
    10100 Santa Monica Boulevard
4   8th Floor
    Los Angeles, CA  90067
5   Telephone:  (310) 552-5000
    Facsmile:    (310) 552-5001
6
7   Attorneys for Defendant,
    LABCORP CENTRAL LABORATORY
8   SERVICES LIMITED PARTNERSHIP

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF ALAMEDA

12

13  CRAIG ROWELL, an individual; ALAINA    | Case No.: 24CV079102
    AIKIN, an individual; SANJAY GARG, an   |
14  individual,                             | **DEFENDANT LABCORP CENTRAL**
                                            | **LABORATORY SERVICES LIMITED**
15              Plaintiffs,                  | **PARTNERSHIP'S ANSWER TO**
                                            | **PLAINTIFFS' UNVERIFIED COMPLAINT**
16        v.                                |
17  LABCORP CENTRAL LABORATORY              |
    SERVICES LIMITED PARTNERSHIP, a limited | Complaint Filed:  June 10, 2024
18  partnership; and DOES 1 through 100,    | Trial Date:        None Set
19              Defendants.                  |

20

21

22

23

24

25

26

27

28

1
**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Defendant Labcorp Central Laboratory Services Limited Partnership ("Labcorp" or "Defendant") hereby answers the unverified Complaint filed by Plaintiffs Craig Rowell, Alaina Aikin, and Sanjay Garg ("Plaintiffs"):

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies generally each and every allegation of the Complaint in this action, specifically denies that it has damaged Plaintiffs in any amount or manner whatsoever, specifically denies that Plaintiffs are entitled to the relief they seek in the Complaint, including but not limited to damages, costs, and attorneys' fees, and alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that each and every cause of action in Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' Complaint and each purported cause of action therein is barred by the applicable statues of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, and 340.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that by reason of their own actions, Plaintiffs have waived any right to seek damages pursuant to any purported cause of action stated against Defendant.

/ / /

/ / /

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such damages because by their own acts and omissions, they have failed to properly mitigate such damages.

**SEVENTH AFFIRMATIVE DEFENSE**

(No Claim for Damages)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs have not sustained any damages as a consequence of the conduct alleged in their Complaint and can state no claim for damages based thereon.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that to the extent Plaintiffs have incurred any

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

damages, which Defendant expressly denies, such alleged damages were not proximately or legally caused by Defendant.

### NINTH AFFIRMATIVE DEFENSE

#### (Substantial Compliance)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' claim for damages fails because, to the extent–which Defendant denies–that it did not fully comply with the requirements of any particular California Labor Code provision or contract, Defendant has substantially complied with the requirements of such statute or contract such that the imposition of damages would be improper.

### TENTH AFFIRMATIVE DEFENSE

#### (No Attorneys' Fees)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs can state no claim for attorneys' fees against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Collateral Estoppel and Res Judicata)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that the Complaint, and each and every cause of action therein, are barred by the doctrines of res judicata and collateral estoppel as to Plaintiff and/or alleged putative class members.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Parol Evidence Rule)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that any written agreement between the parties was intended to be the full agreement between the parties, and that the Plaintiffs cannot present any evidence not in writing to establish any terms of the contract not in the written agreement.

/ / /

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

(Laches)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that due to Plaintiffs' tardiness in asserting their purported rights to recover, Plaintiffs' claims should be barred by the equitable doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Breach of Contract by Plaintiffs/Full Performance of Defendant)

As a separate and independent defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs failed to comply with the terms of any alleged contract, though Defendant performed in full, and thus Plaintiffs may not recover under such contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Cal. Labor Code §§ 2854 and 2856)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' causes of action are barred under California Labor Code sections 2854 and 2856, respectively, in that Plaintiff failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Willfullness/Good Faith)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that no penalty or liability under the California Labor Code, including without limitation sections 203 or 226, could be appropriate because, at all relevant times, Defendant did not willfully, knowingly or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it had not violated those provisions.

/ / /

/ / /

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Payment)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiff was paid in full and in compliance with the law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Substantial Performance and Material Breach on the Part of Plaintiff)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs are precluded from obtaining the relief sought in the Complaint, either in whole or in part, because they have failed to substantially perform, and is in material breach of, contractual obligations, terms, conditions and duties under the policy at issue, thereby precluding the relief sought.

### NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Satisfy Conditions Precedent)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' causes of action are barred because they failed to satisfy certain conditions precedent.

### TWENTIETH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' causes of action are barred because recovery thereon would result in unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Ratification/Consent)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' causes of action are barred because they acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring them from any relief as prayed for in the Complaint.

6

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

(Speculative Damages)

3        As a separate and independent affirmative defense, Defendant alleges that Plaintiffs' claim is

4    barred because damages are speculative and therefore not recoverable.

5

## TWENTY-THIRD AFFIRMATIVE DEFENSE

6

(No Representation)

7        As a separate and independent affirmative defense, Defendant alleges that it has made no

8    representations to Plaintiffs upon which they could have relied.

9

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

10

(Lack of Consideration)

11        As a separate and independent affirmative defense, Defendant alleges that any contract

12    between them lacked consideration or was otherwise illusory in the Defendant did not receive goods,

13    service, or value in exchange for its promises under the contract.

14

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

15

(Offset/Setoff)

16        As a separate and independent affirmative defense, Defendant alleges that to the extent it is

17    found liable for any damages or amounts, Defendant claims a credit, setoff, or offset for all amounts

18    it paid for the services of Plaintiffs, all amounts received by Plaintiffs, all amounts advanced or paid

19    to Plaintiffs in excess of that to which they were legally entitled, all amounts paid to Plaintiffs as

20    premium rates that are not calculated as part of their regular rate, all time that Plaintiffs reported as

21    work time that they did not in fact work, and all other goods, amounts, or time that Plaintiffs took to

22    which they was not entitled, if any.

23

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

24

(Quantum Meruit)

25        As a separate and independent affirmative defense, Defendant alleges that, to the extent that

26    Plaintiffs provided Defendant with any value at all, Plaintiffs are only entitled to receive payment for

27    the goods or services actually provided at fair market value.

28    / / /

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

1
2
3
4
5
6
7
8

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Unconstitutionally Vague)

As a separate and independent affirmative defense, Defendant alleges, based on information and belief, that the Complaint, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and violate Defendant's rights under the Constitution of the United States of America and the State Constitution of California as to, among other things, due process of law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Frustration of Purpose)

As a separate and independent affirmative defense, Defendant alleges that an unexpected event or occurrence happened, frustrating the purpose of the contract, such that enforcement of the contract would not allow the parties to each receive the benefit of their bargain.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Innocent Representation)

As a separate and independent affirmative defense, Defendant alleges that, to the extent Plaintiffs allege that Defendant made a representation-which Defendant denies-the representation was innocent and was not made with knowledge of falsity or recklessness as to the same.

### THIRTIETH AFFIRMATIVE DEFENSE

(Truthful Representation)

As a separate and independent affirmative defense, Defendant alleges that, to the extent Plaintiffs allege that Defendant made a representation - which Defendant denies - the representation was truthful when made.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(No Private Right of Action)

As a separate and independent affirmative defense, Defendant alleges that Plaintiffs are barred from pursuing their claims and/or related remedies because there is no private right of action for such

claims and/or related remedies under the applicable statute, including but not limited to Labor Code Section 2751.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

As a separate and independent affirmative defense, Defendant alleges that the Complaint and causes of action asserted therein, in whole or in part, fail to the extent Plaintiffs have been fully paid all amounts legally owed to them by Defendant, since by accepting the payments made to them, Plaintiff and/or the putative class members have effectuated an accord and satisfaction of their claims.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Settlement/Release)

As a separate and independent affirmative defense, Defendant alleges that Plaintiffs have voluntarily settled and/or released all or one or more of the purported causes of action set forth in the Complaint; and Plaintiff are, under the terms of such settlements and/or releases, barred from pursuing all or one or more of such purported causes of action.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Bus & Prof. Code Section 17200 – Compliance with Obligations)

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because of Defendant's compliance with all applicable laws, statutes and regulations, with said compliance affording Defendant a safe harbor to any claim under California Business and Professions Code section 17200, et seq.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Bus & Prof. Code Section 17200 – Equitable Relief Unavailable)

Defendant alleges, and based upon belief asserts, that Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to equitable relief as she has an adequate remedy at law.

/ / /

/ / /

/ / /

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(No privity)

Defendant alleges that the causes of action alleged in Plaintiffs' Complaint are barred, because Defendant was not in privity of contract with Plaintiffs.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Legitimate Business Reasons)

As a separate and independent affirmative defense to Plaintiffs' Complaint and each purported cause of action therein, Defendant alleges that any acts alleged to be performed by Defendant, if performed at all, are non-actionable and/or privileged because they were taken for legitimate business reasons and not in violation of any law or statute.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Excuse or Release)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that Plaintiff has expressly or impliedly excused or released her claims against Defendant.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Not Knowing/Intentional/Willful Violation)

Without admitting that any violation took place, Defendant alleges that any alleged failure to provide Plaintiffs with wage statements in conformity with Labor Code section 226(a), to maintain records pursuant to Labor Code section 1174, to pay Plaintiffs, timely and properly, or any other alleged violation of the California Labor Code, was not knowing, intentional or willful and was not brought to the attention of management, if any.

## FORTIETH AFFIRMATIVE DEFENSE

(Labor Code § 226 – No Injury)

Defendant alleges that Plaintiffs sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a), from the alleged failure to maintain records pursuant to Labor Code section 1174 or from any other alleged violation of the California Labor Code.

10

1

2

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Unstated Affirmative Defenses)

Defendant alleges that it may have additional, as yet unstated, defenses available. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time. Defendant reserves the right to assert additional defenses as information is gathered through discovery and investigation. In asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiffs have the burden of proof or persuasion.

WHEREFORE, Defendant requests relief as follows:

1. That Plaintiffs take nothing by reason of their Complaint and that judgment be entered in favor of Defendant as appropriate;

2. For costs of suit, including reasonable attorneys' fees; and

3. For such other and further relief as the Court may deem proper.

K&L GATES LLP

Dated: July 10, 2024                    By:_____
                                        GENE RYU
                                        PAUL SUH

                                        Attorneys for Defendant,
                                        LABCORP CENTRAL LABORATORY
                                        SERVICES LIMITED PARTNERSHIP

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

# PROOF OF SERVICE
*[Craig Rowell, et al. v. Labcorp, et al.,* Alameda Case No. 24CV079102]

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **July 10, 2024**, I served the document(s) described as:

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Alan F. Cohen
LAW OFFICES OF ALAN F. COHEN
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 984-1943
Facsimile:  (415) 984-1953
Email: alan@alancohenlaw.com

*Attorneys for Plaintiffs*
*Craig Rowell, Alaina Aikin, Sanjay Garg*

☒   **MAIL:**  I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California, with postage thereon fully prepaid to the office of the addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to (C.C.P. § 1013(a)).  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 10, 2024**, at Los Angeles, California.

_____
Jonathan Randolph

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **July 11, 2024**, I served the document(s) described as:

**EFENDANT LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 28 U.S.C. §§ 1332(a), 1441, & 1446**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Alan F. Cohen
LAW OFFICES OF ALAN F. COHEN
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 984-1943
Facsimile:  (415) 984-1953
Email: alan@alancohenlaw.com

*Attorneys for Plaintiffs*
*Craig Rowell, Alaina Aikin, Sanjay Garg*

☒    **MAIL:**  I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California, with postage thereon fully prepaid to the office of the addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to (C.C.P. § 1013(a)).  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 11, 2024**, at Los Angeles, California.

_____
Jonathan Randolph

**PROOF OF SERVICE**

Recycled Paper