FERRY E. LOPEZ (SBN 274080)
ferry.lopez@klgates.com
PAUL M. SUH (SBN 321028)
paul.suh@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsmile:   (310) 552-5001

Attorneys for Defendant,
Labcorp Central Laboratory Services Limited Partnership

ALAN F. COHEN
alan@alancohenlaw.com
LAW OFFICES OF ALAN F. COHEN
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 984-1943
Facsimile:   (415) 984-1953

Attorneys for Plaintiffs,
Craig Rowell, Alaina Aikin, Sanjay Garg

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ROWELL, an individual; ALAINA AIKIN, an individual; SANJAY GARG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, a limited partnership; and DOES 1 through 100,<br><br>Defendants. | Case No. 3:24-cv-04195-TSH<br><br>**JOINT MOTION TO CONTINUE THE TRIAL DATE AND CORRESPONDING DEADLINES**<br><br>Complaint Filed:  6/10/2024<br>Date of Removal:  7/10/2024<br>Trial Date:  1/26/2026 |

1601102715.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** on August 14, at 10:00 a.m. or as soon thereafter as counsel may be heard, in the Courtroom of The Honorable Thomas S. Hixson, United States District Court for the Northern District of California, Plaintiffs CRAIG ROWELL, ALAINA AIKIN, SANJAY GARG, and Defendant LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP (collectively, the "Parties") respectfully stipulate and move the Court to Continue the Trial Date and Corresponding Deadlines, or alternatively, modify its amended Case Management Order [Dkt. No. 27], to allow the Parties to continue their discovery, dispositive motion and pre-trial deadlines and conferences for good cause as follows. Specifically, the Parties respectfully request that the Court continue the trial date and corresponding deadlines approximately 120 days, or four (4) months.

The Parties make this Motion on the grounds that the requested continuation is needed due to the limited amount of time that the Parties have had to conduct discovery, the extensive amount of time that has been expended engaging in substantive settlement negotiations seeking to resolve this matter, delays due to Defense Counsel, Paul Suh's leave of absence, and other scheduling conflicts.

This Motion is based upon this Notice of Motion and Motion to Continue the Trial Date and Corresponding Deadlines, the Points and Authorities in Support of this Motion, the Declaration of Paul Suh, any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

1601102715.1

|   |   |
|---|---|
|   | LAW OFFICES OF ALAN F. COHEN |
| Dated: August 13, 2025 | By: */s/ Alan F. Cohen*<br>ALAN F. COHEN |
|   | Attorneys for Plaintiff,<br>Craig Rowell, Alaina Aikin, Sanjay Garg |
|   | K&L GATES LLP |
| Dated: August 13, 2025 | By: */s/ Paul M. Suh*<br>FERRY E. LOPEZ<br>PAUL M. SUH |
|   | Attorneys for Defendant,<br>LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP |

1601102715.1

## I. INTRODUCTION.

The Motion stems from Plaintiffs Craig Rowell, Alaina Aikin, Sanjay Garg, and Defendant Labcorp Central Laboratory Services Limited Partnership (collectively, the "Parties") great time and resources spent in attempting to bridge the gap between the Parties' views on the appropriate range of discovery and information regarding the calculation of alleged damages to facilitate settlement negotiations, and Defense counsel's parental leave of absence which took place over six (6) weeks on June 4, 2025 with substantial probability that an additional six (6) weeks will be required due to ongoing family obligations.

This is a wage and hour action arising from alleged unpaid commission per the Parties' compensation plan. Plaintiffs allege claims for failure to pay wages, and derivative claims relating to inaccurate wage statements, breach of contract (relating to their compensation plan), unfair competition, and inspection of records. However, the central claim centers on unpaid compensation pursuant to their compensation plan. The protracted meet and confer efforts on discovery and settlement negotiations of alleged damages are due to the heavy computation involving hundreds of data points over four (4) year.

Substantial discovery remains to be done; Defendants have propounded discovery to address clarification on the disputed wages per the compensation plans that remain outstanding. The Parties' have also been engaged in meet and confer efforts to obtain deposition dates but require additional discovery responses to facilitate meaningful depositions and settlement negotiations.

Trial is currently set for January 26, 2026. This is the first trial continuance being sought herein.

## II. LEGAL AUTHORITY.

Civil Local Rule 40-1 provides, in pertinent part, as follows:

> No continuance of a scheduled trial date will be granted except by order of the Court issued in response to a motion made in

1601102715.1

accordance with the provisions of Civil L.R. 7. Failure of a party to proceed with the trial on the scheduled trial date may result in the imposition of appropriate sanctions, including dismissal or entry of default. Jury costs may be assessed as sanctions against a party or the party's attorney for failure to proceed with a scheduled trial or failure to provide the Court with timely written notice of a settlement.

Civil Local Rule 7 provides, in pertinent part, as follows:

> **(a) Types of Motions.** Any written request to the Court for an order must be presented by one of the following means:
>
>> **(1)** Duly noticed motion pursuant to Civil L.R. 7-2;
>>
>> **(2)** A motion to enlarge or shorten time pursuant to Civil L.R. 6-1;

Civil Local Rule 6-1 provides, in pertinent part, as follows:

> **(b) When Court Order Necessary to Change Time.** A Court order is required for any enlargement or shortening of time that alters an event or deadline already fixed by Court order or that involves papers required to be filed or lodged with the Court (other than an initial response to the complaint).

Under Civil Local Rule 6-3, a party filing a motion to enlarge time, must address (1) with particularity, the reasons for the enlargement; (2) any efforts the party has made to obtain a stipulation; (3) the substantial harm or prejudice if the Court does not enlarge time; (4) any previous time modifications; and (5) the effect the enlargement would have on the case's schedule.

### III.   GOOD CAUSE EXISTS TO CONTINUE THE TRIAL AND CORRESPONDING DATES.

Good cause exists to continue the trial dates. A continuance is necessary due to delays in obtaining discovery responses including protracted meet and confer sessions on the Parties' availability for depositions, the necessity of further written discovery, substantive settlement negotiations involving comprehensive sales analytics and metrics, and Defense counsel's, Paul Suh, leave of absence which took

1601102715.1

1  place over six (6) weeks on June 4, 2025. (Declaration of Paul Suh ("Suh Decl.") ¶ 2.)

The Parties have expended great time and resources in attempting to bridge the gap between the Parties' views on the appropriate range of discovery and information regarding the calculation of alleged damages to facilitate settlement negotiations. The parties have engaged in multiple telephonic and video meet-and-confer sessions conducted over the course of several months. In May 2025, Defendant also received an opening demand from Plaintiffs and have expended time and resources to evaluate the demand to prepare a counter offer and facilitate settlement negotiations. Given the nature of the sales, the calculations of alleged damages involved heavy computation of hundreds of data points requiring significant amounts of time and effort for all Plaintiffs over the course of four (4) years. (Suh Decl. ¶ 3.)

Moreover, Mr. Suh's six (6) week parental leave of absence following the birth of his child and other obligations before and after leave during this process caused a delay. (Suh Decl. ¶ 4.) This leave has impacted the Parties' ability to adequately prepare for trial, including conducting discovery, filing motions, and consulting with witnesses and potential experts. Further, there is a substantial probability that Mr. Suh will take an additional six-week parental leave of absence starting later this month due to ongoing family obligations.

On July 30, the Parties had a lengthy telephonic conference discussing the trajectories of litigation and informal resolution. (Suh Decl. ¶ 5.) Given the Parties needed more time for further written discovery and to address scheduling issues for depositions, the Parties agreed that the discovery deadlines and dispositive motions should be continued, at minimum, to enable the parties to complete their investigation of the facts underlying this action and engage in meaningful efforts to informally resolve this dispute. (*Id*.) However, given that the pre-trial deadlines begin only one week following the hearing on the dispositive motions, the Parties

believe that continuing the pretrial deadlines and the jury trial set for January 26, 2026 by approximately four (4) months would be essential and necessary to avoid any prejudice. (*Id.*)

Plaintiffs' counsel confirmed that he would join on this Motion to continue trial, but would be unavailable for trial until May 2026 if the Court granted the continuance because of arbitration hearings in separate cases scheduled for February and March 2026. (Suh Decl. ¶ 6.)

On October 7, 2024, the Court issued its Case Management Order [Dkt. No. 12.] in this action on October 7, 2024, and granted the Parties' joint stipulations to continue the discovery cut off deadlines on three occasions since then [*See* Dkt. Nos. 20, 27, 32.]. Following Defense counsel's leave of absence, on June 12, 2025, the Court also granted the continuance of the Parties' deadlines to file dispositive motions and the hearing on the dispositive motions. [Dkt. No. 32.]. To date, the Parties have not requested to continue the trial date. (Suh Decl. ¶ 7.)

This request is made in good faith and not for purposes of delay. (Suh Decl. ¶ 8.) A continuance of the current schedule including trial is necessary to avoid prejudicing the Parties for their respective deadlines to obtain discovery and expert witnesses, prepare dispositive motions and address pre-trial obligations. (*Id.*)

The Parties propose the new case management deadlines as follows:

| SUMMARY OF CASE MANAGEMENT DEADLINES | | |
|---|---|---|
| | Current Date | **Proposed New Date** |
| Close of Fact Discovery | 8/15/2025 | **12/10/2025** |
| Disclosure of Expert Witnesses | 8/18/2025 | **12/17/2025** |
| Disclosure of Rebuttal Expert Witnesses | 9/08/2025 | **1/08/2026** |
| Close of Expert Discovery | 9/29/2025 | **1/29/2026** |
| Deadline to File Dispositive Motions | 9/29/2025 | **1/29/2026** |
| Hearing on Dispositive Motions | 11/06/2025 | **3/05/2026** |

1601102715.1

| Exchange of Pretrial Disclosures | 11/12/2025 | **3/11/2026** |
|---|---|---|
| Deadline to File Pretrial Documents | 11/26/2025 | **3/25/2026** |
| Deadline to File Oppositions to Motions in Limine | 12/4/2025 | **4/05/2026** |
| Pretrial Conference | 12/18/2025 | **4/16/2026** |
| Final Pretrial Conference. | 1/15/2026 | **5/14/2026** |
| Jury Trial (Duration to be determined) | 1/26/2026 | **5/25/2026** |

(Suh Decl. ¶ 8.)

In light of Defense Counsel's leave of absence, the Parties' continued efforts to obtain substantive discovery including written discovery and depositions and engage in meaningful settlement negotiations, the Parties respectfully request that the Court continue the trial and corresponding dates.  The Parties request that the Court continue all deadlines and the trial date for approximately four months.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION.

Based on the foregoing, the Parties respectfully request the Court continue the trial date currently set for January 26, 2026, approximately four (4) months to a date in May 2026.

LAW OFFICES OF ALAN F. COHEN

Dated: August 13, 2025

By: */s/ Alan F. Cohen*
ALAN F. COHEN

Attorneys for Plaintiff,
Craig Rowell, Alaina Aikin, Sanjay Garg

K&L GATES LLP

Dated: August 13, 2025

By: */s/ Paul M. Suh*
FERRY E. LOPEZ
PAUL M. SUH

Attorneys for Defendant,
LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP

1601102715.1

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **August 13, 2025**, I served the document(s) described as:

**JOINT MOTION TO CONTINUE THE TRIAL DATE AND CORRESPONDING DEADLINES**

on the interested parties in this action by delivering a true copy thereof addressed as follows:

| | |
|---|---|
| Alan F. Cohen<br>LAW OFFICES OF ALAN F. COHEN<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Telephone: (415) 984-1943<br>Facsimile:   (415) 984-1953<br>Email: alan@alancohenlaw.com | *Attorneys for Plaintiffs*<br>*Craig Rowell, Alaina Aikin, Sanjay Garg* |

☒ **BY ELECTRONIC SERVICE**: Pursuant to agreement by all parties, I served the described document(s) by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is jonathan.randolph@klgates.com.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **August 13, 2025**, at Los Angeles, California.

Jonathan Randolph

1601102715.1