FERRY E. LOPEZ (SBN 274080)
ferry.lopez@klgates.com
PAUL M. SUH (SBN 321028)
paul.suh@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsmile: (310) 552-5001

Attorneys for Defendant,
Labcorp Central Laboratory Services Limited Partnership

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ROWELL, an individual; ALAINA AIKIN, an individual; SANJAY GARG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP, a limited partnership; and DOES 1 through 100,<br><br>Defendants. | Case No. 3:24-cv-04195-TSH<br><br>**DECLARATION OF PAUL SUH**<br><br>Complaint Filed:   6/10/2024<br>Date of Removal:  7/10/2024<br>Trial Date:              1/26/2026 |

1

CASE NO. 3:24-CV-04195-TSH

1601102894.1

# DECLARATION OF PAUL SUH

I, Paul Suh, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and I am an associate at the law firm of K&L Gates LLP along with my colleague Ferry Lopez, I am one of the attorneys responsible for K&L Gates LLP's representation of Defendant LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP ("Defendant") in the above-entitled action brought by Plaintiffs CRAIG ROWELL, ALAINA AIKIN, SANJAY GARG ("Plaintiffs") (collectively, the "Parties"). I have personal knowledge of the matter set forth in this declaration and could and would competently testify to these matters.

2. A continuance is necessary due to delays in obtaining discovery responses including protracted meet and confer sessions on the Parties' availability for depositions, the necessity of further written discovery, substantive settlement negotiations involving comprehensive sales analytics and metrics, and my leave of absence which took place over six (6) weeks on June 4, 2025.

3. The Parties have expended great time and resources in attempting to bridge the gap between the parties' views on the appropriate range of discovery and information regarding the calculation of alleged damages to facilitate settlement negotiations. The parties have engaged in multiple telephonic and video meet-and-confer sessions conducted over the course of several months. In May 2025, Defendant also received an opening demand from Plaintiffs and have expended time and resources to evaluate the demand to prepare a counter offer and facilitate settlement negotiations. Given the nature of the sales, the calculations of alleged damages involved heavy computation of hundreds of data points requiring significant amounts of time and effort for all Plaintiffs over the course of four (4) years.

4. Moreover, my six (6) week parental leave of absence following the birth of his child and other obligations before and after leave during this process caused a delay. (Suh Decl. ¶ 4.) This leave has impacted the Parties' ability to adequately

1  prepare for trial, including conducting discovery, filing motions, and consulting with
2  witnesses and potential experts. Further, there is a substantial probability that an
3  additional six-week parental leave of absence may be necessary in starting later this
4  month due to ongoing family obligations.

5      5.    On July 30, Plaintiffs' Counsel, Alan Cohen, and I had a lengthy
6  telephonic conference discussing the trajectories of litigation and informal resolution.
7  Given the Parties needed more time for further written discovery and to address
8  scheduling issues for depositions, we agreed that the discovery deadlines and
9  dispositive motions should be continued at minimum to enable the parties to
10 complete their investigation of the facts underlying this action and engage in
11 meaningful efforts to informally resolve this dispute. However, given that the pre-
12 trial deadlines begin only one week following the hearing on the dispositive motions,
13 we believed that continuing the pretrial deadlines and the jury trial set for January
14 26, 2026 by approximately four months would be essential and necessary.

15     6.    Mr. Cohen confirmed that he would joint on this motion to continue
16 trial, but would be unavailable for trial until May 2026 if the Court granted the
17 continuance.

18     7.    On October 7, 2024, the Court issued its Case Management Order [Dkt.
19 No. 12.] in this action on October 7, 2024, and granted the Parties' joint stipulations
20 to continue the discovery cut off deadlines on three occasions since then [*See* Dkt.
21 Nos. 20, 27, 32.]. Following my leave of absence, on June 12, 2025, the Court also
22 granted the continuance of the Parties' deadlines to file dispositive motions and the
23 hearing on the dispositive motions. [Dkt. No. 32.]. To date, the Parties have not
24 requested to continue the trial date.

25     8.    This request is made in good faith and not for purposes of delay. A
26 continuance of the current schedule including trial is necessary to avoid prejudicing
27 the Parties for their respective deadlines to obtain discovery and expert witnesses,
28 prepare dispositive motions and address pre-trial obligations.

9. The Parties' propose the new case management deadlines as follows:

| SUMMARY OF CASE MANAGEMENT DEADLINES | | |
|---|---|---|
| | Current Date | **Proposed New Date** |
| Close of Fact Discovery | 8/15/2025 | **12/10/2025** |
| Disclosure of Expert Witnesses | 8/18/2025 | **12/17/2025** |
| Disclosure of Rebuttal Expert Witnesses | 9/08/2025 | **1/08/2026** |
| Close of Expert Discovery | 9/29/2025 | **1/29/2026** |
| Deadline to File Dispositive Motions | 9/29/2025 | **1/29/2026** |
| Hearing on Dispositive Motions | 11/06/2025 | **3/05/2026** |
| Exchange of Pretrial Disclosures | 11/12/2025 | **3/11/2026** |
| Deadline to File Pretrial Documents | 11/26/2025 | **3/25/2026** |
| Deadline to File Oppositions to Motions in Limine | 12/4/2025 | **4/05/2026** |
| Pretrial Conference | 12/18/2025 | **4/16/2026** |
| Final Pretrial Conference. | 1/15/2026 | **5/14/2026** |
| Jury Trial (Duration to be determined) | 1/26/2026 | **5/25/2026** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed the 13th day of August, 2025, at Los Angeles, California.

                                                    */s/ Paul M. Suh*
                                                    Paul M. Suh

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **August 13, 2025**, I served the document(s) described as:

**DECLARATION OF PAUL M. SUH IN SUPPORT OF MOTION TO CONTINUE THE TRIAL DATE AND CORRESPONDING DEADLINES**

on the interested parties in this action by delivering a true copy thereof addressed as follows:

| | |
|---|---|
| Alan F. Cohen<br>LAW OFFICES OF ALAN F. COHEN<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Telephone:  (415) 984-1943<br>Facsimile:   (415) 984-1953<br>Email:         alan@alancohenlaw.com | *Attorneys for Plaintiffs*<br>*Craig Rowell, Alaina Aikin,*<br>*Sanjay Garg* |

☒ **BY ELECTRONIC SERVICE**: Pursuant to agreement by all parties, I served the described document(s) by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is jonathan.randolph@klgates.com.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **August 13, 2025**, at Los Angeles, California.

_____
Jonathan Randolph