United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG ROWELL, et al.,

Plaintiffs,

v.

LABCORP CENTRAL LABORATORY SERVICES LIMITED PARTNERSHIP,

Defendant.

Case No. 24-cv-04195-TSH

**ORDER RE: MOTIONS TO SEAL**

Re: Dkt. Nos. 52, 59

## I. INTRODUCTION

Plaintiffs Craig Rowell, Alaina Aikin, and Sanjay Garg (collectively, "Plaintiffs") bring this action against Defendant Labcorp Central Laboratory Services Limited Partnership ("Labcorp") for claims arising out of their employment with Labcorp. ECF No. 1. Pending before the Court are two Administrative Motions to Seal, one from Labcorp (ECF No. 52) and one from Plaintiffs (ECF No. 59). For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** Labcorp's Administrative Motion and **GRANTS** Plaintiffs' Administrative Motion.[1]

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978)). Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 7.

starting point." *Id.* (cleaned up). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up). By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180.

Here, the documents at issue in Labcorp's Administrative Motion (ECF No. 52) were filed in connection with Labcorp's Motion for Summary Judgment (ECF No. 54). The documents at issue in Plaintiffs' Administrative Motion (ECF No. 59) were filed in connection with Plaintiffs' Motion for Summary Judgment (ECF No. 53). Motions for summary judgment, along with their attached documents, are more than tangentially related to the merits of a case. *See Ctr. for Auto Safety*, 809 F.3d at 1098 ("while discovery-related motions are often unrelated to the merits of a case, the same cannot be said for materials attached to a summary judgment motion because summary judgment adjudicates substantive rights and serves as a substitute for trial") (cleaned up); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June 01, 2020) ("Because the parties seek to seal portions and documents which pertain to summary judgment motions, the Court applies the compelling reasons standard to these documents."). Accordingly, the compelling reasons standard applies to both Administrative Motions.

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L.R. 79-5(f). This motion must identify each document or portions thereof for which sealing is sought. *Id.* "Within 7 days of the motion's filing, the Designating

United States District Court
Northern District of California

Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." *Id.* at 79-5(c)(1), (f). That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. *Id.* at 79-5(c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

## III. DISCUSSION

### A. ECF No. 52

On August 13, 2026, Labcorp filed an Administrative Motion to Seal, pursuant to Civil Local Rule 79-5, in connection with its Motion for Summary Judgment. ECF Nos. 52, 54. Labcorp requests that seven documents be filed under seal:

- Declaration of Jemuel Gascon ("Gascon Decl.") (ECF No. 54-2), Ex. A (ECF No. 54-3)
- Gascon Decl., Ex. B (ECF No. 54-4)
- Gascon Decl., Ex. C (ECF No. 54-5)
- Gascon Decl., Ex. D (ECF No. 54-6)
- Gascon Decl., Ex. E (ECF No. 54-7)
- Declaration of Chad Meunier ("Meunier Decl.") (ECF No. 54-17), Ex. 4 (ECF No. 54-21)
- Meunier Decl., Ex. 5 (ECF No. 54-22)

ECF No. 52. Labcorp also moves to redact portions of eight documents:

- Labcorp's Motion for Summary Judgment (ECF No. 54)
- Labcorp's Separate Statement of Facts ("Def.'s SSF") (ECF No. 54-1)
- Gascon Decl., Ex. F (ECF No. 54-8)
- Gascon Decl., Ex. K (ECF No. 54-13)
- Meunier Decl. ¶¶ 12–14 (ECF No. 54-17)
- Meunier Decl., Ex. 1 (ECF No. 54-18)
- Meunier Decl., Ex. 2 (ECF No. 54-19)

- Meunier Decl., Ex. 3 (ECF No. 54-20)

*Id.*

With its Administrative Motion, Labcorp includes a declaration from its Senior Director of Sales Compensation, Christopher Goff, setting forth the bases for sealing and redacting requested documents. *See* Declaration of Christopher Goff ("Goff Decl.") (ECF No. 52-11). Overall, Labcorp requests sealing and redacting of documents that contain confidential and proprietary information that would cause competitive harm to Labcorp or its clients if disclosed. Goff Decl. ¶¶ 8, 11. Exhibits A–E to the Gascon Declaration are Labcorp's Sales Compensation Plans, and Exhibit F to the Gascon Declaration is Plaintiffs' new-hire offer letters. ECF No. 52 at 4–5. Labcorp states that disclosure of information about Labcorp's Sales Compensation Plans would cause Labcorp competitive harm because it would give competitors the ability to offer Labcorp employees packages similar to Labcorp's. Goff Decl. ¶ 8. Paragraphs 12–14 and Exhibits 1–5 to the Meunier Declaration and Exhibit K to the Gascon Declaration contain Labcorp's clients' names, contract values, and the identification of studies or clinical trials that the client was or is conducting. ECF No. 52 at 5. Labcorp states that disclosure of this information would harm Labcorp because it would give a competitor the upper hand in bidding on future work and would harm clients as the disclosure could be "insider" information that could impact the client's standing in the research and development industry. Goff Decl. ¶ 11.

In their Opposition to Labcorp's Motion for Summary Judgment, Plaintiffs state:

> Plaintiffs oppose Defendant's motion to seal the Plan documents in their entirety or, for that matter, any portions thereof. Labor Code § 232 and 232.5 forbid employers from requiring that employees refrain from disclosing information about their pay or working conditions. While those sections do not permit employees to disclose proprietary information or trade secrets, information about Plaintiffs' pay structure and working conditions are expressly removed from such protections. Moreover, this lawsuit asks the Court to rule on the legality of these terms in a public forum and nothing about the complained-of practices in this case should be kept from the public. Nonetheless, as the Court has yet to rule on Defendant's Motion to Seal, Plaintiffs will not quote the entire section from the Plan.

ECF No. 62 at 15 n.1.

The Court has reviewed the requested documents to be sealed and finds that compelling



United States District Court
Northern District of California

reasons exist to seal Exhibits 4 and 5 to the Meunier Declaration and redact portions of the Meunier Declaration, Exhibits 1–3 to the Meunier Declaration, and Exhibit K to the Gascon Declaration, as they contain information about Labcorp's clients and sales with those clients. *See Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-cv-01702-BLF, 2018 WL 10701610, at *3 (N.D. Cal. Apr. 11, 2018) (finding compelling reasons exist to seal documents containing client transaction data); *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014) (explaining non-public sales information "is among the types of competitively sensitive information that qualifies as a trade secret and is properly sealed at trial"). The Court also finds that compelling reasons exist to seal Exhibits A–E to the Gascon Declaration as they contain details of Labcorp's Sales Compensation Plans. *See Gomo v. NetApp, Inc.*, No. 17-cv-02990-BLF, 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (finding compelling reasons exist to seal documents containing "non-public, confidential information regarding [defendant's] compensation plan"); *Kazi v. PNC, Bank, N.A.*, No. 18-cv-04810-JCS, 2020 WL 12862940, at *2 (N.D. Cal. Jan. 22, 2020) (finding compelling reasons exist to seal "plan documents setting forth the technical details of [defendant's] incentive compensation plans" in their entirety).

However, the Court finds that compelling reasons do not exist to redact the requested portions of Exhibit F to the Gascon Declaration (Plaintiffs' offer letters). The California Labor Code states that an employer cannot prohibit an employee from disclosing the amount of the employee's wages. Cal. Lab. Code § 232. Moreover, in its proffered declaration, Labcorp does not explain why it is necessary to seal Plaintiffs' offer letters.

Accordingly, the Court **GRANTS** Labcorp's Motion to seal Exhibits A–E to the Gascon Declaration (ECF Nos. 54-3–54-7) and Exhibits 4–5 to the Meunier Declaration (ECF Nos. 54-21–54-22). The Court **GRANTS** Labcorp's motion to redact ¶¶ 12–14 of the Meunier Declaration (ECF No. 54-17), and to redact portions of Exhibit K to the Gascon Declaration (ECF No. 54-13); Exhibits 1–3 to the Meunier Declaration (ECF Nos. 54-18–54-20); Def's SSF (ECF No. 54-1); and Labcorp's Motion for Summary Judgment (ECF No. 52-2). As redacted versions of these documents have been filed on the public docket, no further action is needed.

The Court **DENIES** Labcorp's motion to redact portions of Exhibit F to the Gascon Declaration (ECF No. 54-8) and **ORDERS** Labcorp to file a version of this document without redactions to Plaintiffs' compensation amounts on the public docket within four days.

**B. ECF No. 59**

On August 13, 2026, Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with their Motion for Summary Judgment. ECF Nos. 53, 59. Plaintiffs did not file the following fifteen unredacted documents on the public docket which are exhibits attached to Plaintiffs' Motion for Summary Judgment:

- Declaration of Craig Rowell ("Rowell Decl.") (ECF No. 55), Ex. E (ECF No. 55-4)
- Rowell Decl., Ex. F (ECF No. 55-5)
- Rowell Decl., Ex. G (ECF No. 55-6)
- Rowell Decl., Ex. H (ECF No. 55-7)
- Rowell Decl., Ex. I (ECF No. 55-8)
- Declaration of Sanjay Garg ("Garg Decl.") (ECF No. 56), Ex. J (ECF No. 56-1)
- Garg Decl., Ex. K (ECF No. 56-2)
- Garg Decl., Ex. L (ECF No. 56-3)
- Garg Decl., Ex. M (ECF No. 56-4)
- Garg Decl., Ex. N (ECF No. 56-5)
- Declaration of Alaina Aikin ("Aikin Decl.") (ECF No. 57), Ex. P (ECF No. 57-2)
- Aikin Decl., Ex. Q (ECF No. 57-3)
- Aikin Decl., Ex. R (ECF No. 57-4)
- Aikin Decl., Ex. S (ECF No. 57-5)
- Aikin Decl., Ex. T (ECF No. 57-6)

ECF No. 59. Plaintiffs "do not ask the Court to file the documents under seal" because they believe "the documents do not rise to the level that would merit such extraordinary protection" and "believe the public has a right to know all the facts at issue." *Id.*

Labcorp did not file a response to Plaintiffs' Administrative Motion. However, the

documents at issue in Plaintiffs' Administrative Motion are the same Labcorp Sales Compensation Plans that Labcorp seeks to seal in its Administrative Motion. Because the Court finds that sealing is appropriate for these Plans, the Court finds that compelling reasons exist to seal the documents at issue in Plaintiffs' Administrative Motion.

Accordingly, the Court **GRANTS** Plaintiffs' Motion to seal Exhibits E–I to the Rowell Declaration (ECF Nos. 55-4–55-8); Exhibits J–N to the Garg Declaration (ECF Nos. 56-1–56-5); and Exhibits P–T to the Aikin Declaration (ECF Nos. 57-2–57-6).

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** Labcorp's Administrative Motion and **GRANTS** Plaintiffs' Administrative Motion.

**IT IS SO ORDERED.**

Dated: October 19, 2026

THOMAS S. HIXSON
United States Magistrate Judge